IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HOLLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3212 |
| | ) | |
| JOSEPH DURBIN and JOHN ALLEN, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

I. FACTUAL BACKGROUND

Plaintiff Christopher Holly brings this civil rights action pursuant to 42 U.S.C. § 1983, claiming that his due process rights under the United States Constitution and Illinois Constitution were violated. Holly was at all relevant times an inmate at Taylorville Correctional Center in Taylorville, Illinois. He alleges that he was removed from a custodial maintenance

1

vocational class offered by Lake Land College, where Defendants Joseph Durbin and John Allen are employed, and not permitted to re-enroll for 45 days.

The Defendants provide two reasons why they believe the complaint must be dismissed. They contend the Plaintiff's assertion that he was removed from a vocational class and not permitted to re-enroll for 45 days does not give rise to a protected interest under either the Illinois or United States Constitution, as is required to support a due process violation. The Defendants further assert that the complaint must be dismissed because they are entitled to qualified immunity from Holly's claims as a matter of law. Durbin and Allen assert that the allegations in the complaint–that Plaintiff was removed from a vocational educational course and not permitted to re-enroll for 45 days–do not violate any clearly established Constitutional or statutory right of which a reasonable public official in their position would have known. Because no protected interest of the Plaintiff's was violated, the Defendants claim they are protected from suit

by qualified immunity.[1]

## II. ANALYSIS

The Court declines to consider at this stage whether the complaint should be dismissed on qualified immunity grounds. See Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (observing that complaints typically are not dismissed pursuant to Rule 12(b)(6) on qualified immunity grounds). "Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate." Id.

Citing Piggie v. Cotton, 344 F.3d 674 (7th Cir. 2003), the Plaintiff claims that an inmate "has a liberty interest in earned-credit time and his credit-earning class, and therefore was entitled to due process before either could be taken away." Id. at 677. The Plaintiff states that he signed an "Earned Good Conduct Credit" contract/agreement. He asserts that he has a liberty interest in earning credits for good conduct and attending his class. The Plaintiff contends that he received no due process protections before

---

[1]They also claim that Plaintiff is unable to assert a Fourteenth Amendment claim under the Equal Protection Clause. The Plaintiff states that he is not pursuing such a claim.

3

being removed from class. He says that he was instructed to "pre-sign" a drop/add form the first day he attended class. Holly alleges the form was later altered without his consent in a manner so as to indicate that he wanted to "drop" the class. The Plaintiff asserts, therefore, that he received no due process protection "before" being deprived of his Earned-Credit Time and Credit-Earning Class.

The Plaintiff contends that the factual scenario in this case differs from cases relied on by the Defendants such as Madyun v. Thompson, 657 F.2d 868 (7th Cir. 1981) and Garza v. Millers, 688 F.2d 480 (7th Cir. 1982), which held generally that an inmate does not have a property or liberty interest in educational opportunities. See also Higgason v. Farley, 83 F.3d 807, 809 (7th Cir. 1996) (observing that the denial of access to educational programs does not infringe on a protected liberty interest). In this case, the Plaintiff notes that he was affirmatively removed from class by the Defendants and restricted from re-enrolling for 45 days.

In Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000), the Seventh Circuit reiterated that the Constitution does not require the

provision of "educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." Id. (quoting Garza, 688 F.2d at 486). The court in Zimmerman further stated that "[a]lthough the Constitution guarantees no right to credit time for good behavior or educational programs, the State may create such a liberty interest." Id. (citation omitted). In order for there to be a liberty interest, the State's action must inevitably affect the duration of the sentence; it could not be a mere possibility that it would do so. Id. at 571-72.

The court in Zimmerman went on to note that an allegation in the complaint that the plaintiff "would" receive good time credits if allowed to pursue educational opportunities is not enough. Id. at 572. It explained:

> [Zimmerman] wishes the use of the word "would" would transform his case from one of uncertainty to one of certainty, thus taking him out of the ambit of Higgason. We do not think so. As we found in Higgason, the successful completion of a program is not inevitable. Thus, denying him the opportunity to earn good time credits does not "inevitably affect the duration of the sentence," and does not deprive him of constitutional guarantees. The fact that he pleaded that he "would" have received credit time is merely a legal conclusion devoid of supporting factual allegations and does not withstand

a motion to dismiss.

Id. In this case, Holly alleges that he was restricted from enrolling in the classes for 45 days and was thus deprived of his interest in his good conduct credits. At first glance, it appears that the Plaintiff's allegations do not implicate a liberty interest because he claims only the denial of the opportunity to earn good time credits, which is not enough under Zimmerman because it cannot be said to inevitably affect the length of the sentence. See also Higgason, 83 F.3d at 810 ("Thus, denying the opportunity to earn credit did not 'inevitably affect the duration of the sentence,' and thus did not infringe on a protected liberty interest.").

The Seventh Circuit's decisions in Zimmerman and Higgason appear to be at least somewhat inconsistent with its subsequent decision in Piggie. The court stated, "Piggie has a liberty interest in earned-credit time and his credit-earning class, and therefore was entitled to due process before either could be taken away." Piggie, 344 F.3d at 677. For the purposes of this motion to dismiss, the Court finds that based on Piggie, the Plaintiff does

6

have a liberty interest earning credits for good conduct and attending class.[2]

The next inquiry involves whether the Plaintiff received due process before being removed from class. The Defendants allege that Holly was afforded adequate post-deprivation process. They note that he filed an inmate grievance soon after being removed from class. Because Holly obtained post-deprivation process through the Illinois Department of Corrections' inmate grievance procedures soon after his removal from class, the Defendants claim that he was afforded adequate due process under the circumstances. The Plaintiff alleges that he received no due process protections before being removed from class. Holly says nothing about any due process protections after he was removed from class. At this stage, however, the Court must take as true the Plaintiff's statement that he received no due process protections.

Ergo, the Defendants' motion to dismiss [d/e 6] is DENIED.

---

[2]The Court recognizes that there are certain factual distinctions between the case sub judice and Piggie, as noted by the Defendants in their response to the Plaintiff's motion for an extension of time. Because a plaintiff need only initially provide "a short and plain statement of the claim showing that the pleader is entitled to relief," See Fed. R. Civ. P. 8(a)(2), it is often preferable to examine the legal significance of such distinctions at a later stage in the litigation.

Following the Defendants' service of an answer to the complaint, the parties are directed to contact United States Magistrate Judge Charles H. Evans for the purpose of scheduling a discovery conference.

ENTER: July 19, 2007

                FOR THE COURT:

                              s/Richard Mills
                              United States District Judge